**CONTI v SHRINER, et**

Ohio Appeals, 3rd Dist, Crawford Co.

No. 1397.   Decided April 22, 1939

Blake C. Cook, Kent; C. C. Fower-baugh, for appellant.

Albert N. Cox, Galion, for appellees.

## OPINION

BY THE COURT:

Anna Conti is the mother of John Conti a child born to her out of lawful wedlock on the 25th of December, 1924, at Cleveland, Ohio. At that time the mother of the child was known as Anna C. Greenwald.

On the 23rd of July, 1925, an affidavit charging that the child was a dependent child, was filed in the Juvenile Court of Cuyahoga County. Service of notice was had upon Anna C. Greenwald, of the dependency proceeding, and on the 29th of July, 1925, a hearing thereof was had before Judge Weygandt sitting by appointment as Judge of the Juvenile Court. The mother Anna C. Greenwald was present in court at the hearing and the child was adjudged a dependent child and committed to the temporary care and custody of The Cleveland Humane Society and remained in the care of the society under this order until a subsequent hearing was had in this matter on December 30, 1925, at which hearing the original order of commitment was modified in such a manner that the child was committed to the permanent care and custody of The Cleveland Humane Society to be given out for adoption or to be found a permanent home.

According to the records of the Juvenile Court of Cuyahoga County notice of this hearing by personal service was made upon Anna C. Greenwald. However, the mother, upon the hearing in the present case, denied that such service was ever had upon her.

Subsequent to this hearing in the Juvenile Court of Cuyahoga County the child was placed in the home of Glenn Shriner and Ruth Shriner who had filed a petition in the Probate Court of Crawford County praying for an order permitting them to adopt said minor child as their own child.

The executive secretary of The Cleveland Humane Society, Mr. James E. Ewers, appeared in behalf of The Cleveland Humane Society executed an answer and consent upon a form furnished by the Division of Charities, State Department of Welfare, and the same was filed in the Probate Court of Crawford County. Upon hearing being had upon the petition, answer and consent, the Probate Court granted the petition and made the order in adoption.

Anna Conti, the appellant in this proceeding, formerly known as Anna C. Greenwald, filed her petition in the Probate Court against Glenn Shriner and Ruth Shriner the adopting parents, appellees herein, to set aside the order of adoption in the Probate Court of Crawford County, on the following grounds:

1. That she had no notice of the proceedings in which her child was taken from her.

2. The humane society is not in law

a proper guardian for permanent custody.

3. The Juvenile Court of Cuyahoga County retained jurisdiction of the case and the Probate Court of Crawford County had no jurisdiction over John Conti, a minor.

4. Consent was not in proper form.

5. Anna Conti had no notice of the adoption proceedings.

The Probate Court on the hearing of said petition found against Anna Conti, the appellant, and dismissed said petition, and it is from this judgment of the Probate Court this appeal is taken on questions of law.

The appellant assigns a number of errors but in his brief argues only one, and, under the statute this will be the only one considered. The assignment referred to is that the judgment is contrary to law.

Both by the record of the proceedings in the Juvenile Court and by the testimony of the appellant in this case before the Probate Court, it is conclusively established that on July 2, 1925, an affidavit was filed in the Juvenile Court of Cuyahoga County charging that the child Johonnes Conti was a dependent child; that a citation was thereupon issued for Anna C. Greenwald, which was served upon her by leaving a true copy thereof at her usual place of residence, and that at the hearing before Hon. C. V. Weygandt, sitting by assignment in the Juvenile Court, the mother appeared in court in response to that citation and was present when the court adjudged the child to be a dependent child and committed him to the temporary care and custody of The Cleveland Humane Society.

Authority for this action appears in §1653, GC, reading as follows:

"When a minor under the age of eighteen years, or any ward of the court under this chapter, is found to be dependent or neglected, the judge may make an order committing such child to the care of the children's home if there be one in the county where such court is held, if not, to such a home in another county, if willing to receive such child, for which the county commissioners of the county in which it has a settlement, shall pay reasonable board; or he may commit such child to the board of state charities or to some suitable state or county institution, or to the care of some reputable citizen of good moral character, or to the care of some training school or an industrial school, as provided by law, or to the care of some association willing to receive it, which embraces within its objects the purposes of caring for or obtaining homes for dependent, neglected or delinquent children or any of them, and which has been approved by the board of state charities as provided by law. When the health or condition of the child shall require it, the judge may cause the child to be placed in a public hospital or institution for treatment or special care, or in a private hospital or institution which will receive it for like purposes without charge. The court may make an examination regarding the income of the parents or guardian of a minor committed as provided by this section and may then order that such parent or guardian pay the institution or board to which the minor has been committed reasonable board for such minor, which order, if disobeyed, may be enforced by attachment as for contempt. The probate court shall have power to enter up judgment for the money due, and to enforce such judgment by execution."

The records of the Juvenile Court of Cuyahoga County further show that on December 30, 1925, a subsequent order of the Juvenile Court was made committing this child to the permanent care and custody of The Cleveland Humane Society, to be given out for adoption or to be found a permanent home.

The journal entry on this date shows that personal service of the citation was duly had upon said mother, and the original citation together with the return thereon appears in the certified transcript of the proceedings which were admitted in evidence in the trial court.

The appellant now states that the return made by A. L. Bricker, probation officer of the Summit County Juvenile Court to whom the citation was sent and who made the return, is false and that she was never served with this notice.

This was the first time that any attack had been made upon the record in any court. However, if the testimony of appellant is true and the return so made and so certified was false, the Juvenile Court had full power and authority to enter the order of December 30, 1925, without service of a citation upon her, she having been served with notice and having been present in court when the child was adjudged to be a dependent child and was made a ward of the court on the 29th of July, 1925.

Sec. 1643, GC, provides:

"When a child under the age of eighteen years comes into the custody of the court under the provisions of this chapter such child shall continue for all necessary purposes of discipline and protection a ward of the court until he or she attain the age of twenty-one years. The power of the court over such child shall continue until the child attains such age. Provided, in case such child is committed to the permanent care and guardianship of The Ohio Board of Administration or the Board of State Charities or an institution or association certified by the Board of State Charities with permission and power to place such child in a foster home, with the probability of adoption, such jurisdiction shall cease at the time of commitment."

Under §1672, GC, where the court awards a dependent child to the temporary care and custody of an institution, it may at any time during such temporary custody at the request of the institution determine whether such commitment should be modified to include permanent care and custody, and under the provisions of §1643, GC, and except as therein expressly provided, the juvenile court has continuing jurisdiction of a dependent child after having once acquired jurisdiction by service of the citation and notice upon the parent of such child, and adjudication of dependency, and a new citation to the parent or guardian is not necessary at the time a juvenile judge wishes to change a temporary order to a permanent one.

The purpose of the juvenile law is protection of the child and when because of the neglect of a parent it becomes necessary to remove a child for his own protection from the parent's custody, the court is fully justified in permitting the agency to find for him and place him in a permanent foster home wherein he might receive the care and affection that his mother did not give him. See In re Cunningham, 27 Oh Ap 306, and cases therein cited. Lewis v Reed, 117 Oh St 152; State ex Tailford v Bristline, 96 Oh St 581.

We therefore find that the juvenile court, by virtue of §§1643 and 1672, GC, had jurisdiction to enter the judgment on the 30th of December, 1925, without additional notice to the mother, Anna C. Greenwald.

The evidence tends to prove that the Cleveland Humane Society comes within the classes of institutions and associations that may be certified by the Board of State Charities, with permission and power to place and receive the care and custody, both temporary and permanent of dependent children and to place such dependent children in foster homes for adoption and consent to the adoption thereof, and the orders made by the juvenile court with reference to the dependent child John Conti so providing, there is a legal presumption, not opposed by evidence to the contrary that the juvenile court in making such order had facts before it showing the qualifications of the Society, and authorizing it to make such orders.

Under the express provisions of §1643, GC, in case a dependent child is com-

mitted ▮o the permanent care and guardianship of an in- ▮▮ stitution or association certified by the State Board of Charities, with permission and power to place such child in a foster home with the probability of adoption, the jurisdiction of the juvenile court ceases.·

The evidence in this case shows the existence of the facts and conditions under which the jurisdiction of the juvenile court ceased at the time the order of permanent care and custody was made, and the jurisdiction of the juvenile court having ceased prior to the adoption proceedings ▮▮ in the Probate Court of Crawford County, the Probate Court under the statutes relating thereto had the exclusive jurisdiction in said adoption proceedings.

The consent of the Cleveland Humane Society in the adoption proceedings was executed as hereinbefore mentioned. Under the provisions of §8025, GC, in effect at the time governing such consent, if an institution, such as The Cleveland Humane Society is presumed to have been, had legally acquired the custody and control of a dependent child, as hereinbefore mentioned, a consent to the adoption of ▮▮ such child in adoption proceedings might be filed by the secretary of said society, showing the consent thereto of the proper officers authorized by such society to act in matters of adoption.

While the designation of officers is plural it includes the singular so that by the section mentioned the power was conferred on the Humane Society to authorize the secretary of the society to execute the consent to such adoption. The presumption is that one who is proved to have acted in an official capacity possessed the necessary and proper capacity and authority. Lawson, Law of Presumptive Evidence, page 60. There is a further presumption that public officers do ¬s the law and their duty require them. Lawson, Law of Presumptive Evidence, page 67. And both of said presumptions prevail as to the authority and acts of officers of private corporations. Lawson, Law of Presumptive Evidence, page 75. Pursuant to the rules mentioned the secretary of the society having ▮▮ ing executed and filed said consent on behalf of the society is presumed to have been duly authorized in the premises.

After an adjudication of dependency and the commitment of the permanent care and custody of a dependent child to an institution certified by the State Board of Charities to be ▮▮ given out for adoption, as in the instant case, the statutes provide that a probate court may enter an order of adoption upon the written consent of the institution, and there is no provision of law statutory or otherwise, requiring the parent of such child to be notified of such adoption proceeding, and consequently the adoption proceedings in the instant case were valid notwithstanding the fact that no notice was given to the appellant of the same.

The evidence therefore shows that all the proceedings of the juvenile court and the probate court in the premises were regular and correct, and the judgment appealed from was proper in the premises and is not contrary to law, and said judgment will be affirmed at costs of appellant.

CROW, PJ., KLINGER & GUERNSEY, JJ., concur.