The State of Ohio, Appellee, *v.* Clevenger, Appellant.

(No. 233—Decided May 12, 1969.)

*Mr. George Schilling, Sr.,* and *Mr. Ronald C. Carey,* for appellee.

*Mr. P. Paul Pusateri,* for appellant.

*Per Curiam.* This is an appeal on questions of law from the Juvenile Court of Clinton County.

On September 8, 1967, the Juvenile Court granted permanent custody of two of appellant's minor children to the Clinton County Child Welfare Board after finding them to be dependent. No complaint of any kind is made about such proceeding or any irregularity therein alleged.

A year later, appellant filed a motion in the Juvenile Court requesting a change of custody, urging that because of a substantial change in circumstances the best interests of the children would be served by returning them to her.

In response to such motion, the prosecuting attorney as representative of the welfare board filed a motion to dismiss appellant's motion, which ultimately was treated by the court as a demurrer.

After argument, the court found that it was "without proper jurisdiction" because of the provisions of Section

2151.38, Revised Code, and "dismissed" the motion for want of jurisdiction.

Section 2151.38 provides, as is pertinent here:

"When a child is committed to * * * county child welfare board * * * the order shall state that such commitment is permanent and the jurisdiction of the Juvenile Court in respect to the child so committed shall cease and terminate at the time of the commitment; except that if the * * * board * * * having such permanent custody makes application to the court for the termination of such custody, the court upon such application, after notice and hearing and for good cause shown, may terminate such custody at any time prior to the child becoming of age. The court shall make disposition of the matter in whatever manner will serve the best interests of the child."

While appellant contends that she should have her children returned to her custody as being in their best interests, she also raises the question of the constitutionality of the statute. It is urged, that in failing to establish procedure by which one whose child has been placed in the permanent custody of an agency may resort to a court for change of custody, the Legislature has improperly delegated a judicial function to a social agency.

We are not confronted here with an appeal from the order of permanent commitment. This appeal stems from the effort to have the court alter its original order in the face of a statute which unequivocably provides that the jurisdiction of such court shall cease and determine upon the permanent commitment.

The question of jurisdiction presented itself as a peripheral issue to the Court of Appeals, Third District, in *Conti v. Shriner*, 30 Ohio Law Abs. 193, wherein the court considered Section 1643, General Code, one analogous to Section 2151.38, Revised Code. There it was said that where a child is committed to the permanent care and guardianship of an institution the jurisdiction of the Juvenile Court ceases.

The purpose of the juvenile law is protection of the child. *Conti v. Shriner, supra*. When the Juvenile Court

of Clinton County took the children from the custody of their mother it must be presumed that it acted to protect them and in their best interests. Similarly, it must be presumed until the contrary is demonstrated that the welfare board is also protecting the children and preserving their best interests. In short, the agency having custody reposed in it by due process of law stands *in loco parentis* to the child and represents the *parens patriae* power of the state. See *State* v. *Miclau*, 104 Ohio App. 347, at page 353.

It does not appear that recourse has been had to the welfare board to petition it to apply to the Juvenile Court for a change in the status of the commitment, and we cannot assume that, should that be done, the board would act other than with discretion and concern for the best interests of the children.

All roads must end somewhere lest we wander forever aimlessly in circles. When the Juvenile Courts replace the parents of dependent children with an agency in harmony with law, the Courts of Appeals do not function as overseers of the actions of the agency in carrying out its responsibilities. The natural parent failing in his duty to the child, the state must then act through the Juvenile Court to supply the deficiency and unless the Legislature provides otherwise, that is the end of the road. We cannot conclude otherwise than that the attack upon Section 2151.38, Revised Code, as being unconstitutional is groundless. To find otherwise would be to invite the destruction of a system which, on the whole, has functioned well and to propel this court into a field beyond its jurisdiction.

The finding of the Juvenile Court that it was without proper jurisdiction to hear appellant's motion and dismissing the same is affirmed.

*Judgment affirmed.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.